UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JOY TILLERY MEDLEY

       Plaintiff,

V.                              CIVIL ACTION NO

DIVERSIFIED CONSULTANTS, INC.

       Defendant.                  OCTOBER 14, 2015

## COMPLAINT

Plaintiff, sues Defendant a licensed collection agency, which is illegally doing business in Connecticut and alleges:

### I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

### Ill. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Danbury, CT.
4. At all times material hereto, Defendant, Diversified Consultants, Inc. ("Collection Agency), was licensed as a collection agency as required by the Connecticut Department of Banking..
5. At all times material hereto, Defendant was doing business in Connecticut.

6. At all times material hereto, Defendant, was acting like a licensed collection agency with a principal place of business at 10550 Deerwood Park Boulevard Suite 309, Jacksonville, FL 32256

7. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant attempted to collect consumer debts alleged to be due to another in the State of Connecticut.

## IV. FACTUAL ALLEGATIONS

8. Defendant is the collection agent for "Verizon" and regularly collected or attempted to collect monies from consumers for delinquent or alleged delinquent personal debt.

9. On October 9, 2015, Defendant through a collection agent who identified herself as Alisha Hardgrove communicated with the Plaintiff for the purpose of collecting monies for an alleged delinquent cell phone debt purportedly owed by plaintiff.

## V. DEFENDANTS' PRACTICES

10. It is or was the policy and practice of Defendant to communicate with Connecticut consumers in a manner which was reasonably calculated to confuse or frustrate, or mislead MD consumers in violation of the FDCPA §1692e.

11. Defendant communicated with the Plaintiff and attempted to collect this alleged debt, which was not owed by her. She did not incur this debt, nor executed any contract for this debt.

## VI. ALLEGATIONS OF LAW

**A. General**

12. At all times material hereto, plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

13. At all times material hereto, "Verizon", represented by Defendant was a "creditor" as said term is defined under 15 U.S.C. §1692a (4).

14. At all times material hereto, the amount purportedly owed to "Verizon" represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

**A. Unlawful Claim**

15. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

    a. The use of false representations, deceptive or misleading representations or means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692e.

    b. Plaintiff disputed this alleged debt, Defendant through their collection agent stated "If you are disputing the debt that means you owe it." False, Deceptive and Misleading statement in violation of §1692e.

    c. Defendant failed to identify that she was calling from a collection agency, Defendant stated she was calling from Verizon. Defendant failed to advise the Plaintiff of her rights under §1692e (11).

    d. Defendant failed to mail an initial collection letter to the Plaintiff. Plaintiff was totally unaware of her rights under the FDCPA, validation of debts clause §1692g.

16. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

17. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

1. Actual and statutory damages pursuant to 15 U.S.C. §1692k;
2. An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and
3. Such other and further relief as the Court may deem just and equitable.

                THE PLAINTIFF
BY /S/Bernard T. Kennedy
  Bernard T. Kennedy, Esquire
  Kennedy Law Firm
  1204 Main Street, #176
  Branford, CT 06405
  (443) 607- 8901
  (443) 440-6372 Fax
  Fed. Bar # ct00680
  bernardtkennedy@yahoo.com